■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GILBERT BROCKWAY, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent.— Appeal by relator from an order of the Supreme Court, Dutchess County, dated March 21, 1969, which denied his application for a writ of habeas corpus. Order affirmed, without prejudice to a new application upon a proper petition, and without costs. Relator's purported petition substantially failed to comply with the requirements of CPLR 7002 (subd. [c]). We have not considered any of the substantive arguments raised in relator's brief. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD E. COLEMAN, Appellant, v. HAROLD W. FOLLETTE, Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated January 24, 1969, affirmed, without costs (cf. *People ex rel. Smith* v. *Deegan,* 32 A D 2d 940). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ SUFFOLK CABLE OF SHELTER ISLAND, INC., Respondent, v. ROYAL INDEMNITY COMPANY, Appellant.— In an action upon an insurance binder to recover a loss sustained during an electrical storm, defendant appeals from an order of the Supreme Court, Suffolk County, dated December 11, 1968, which denied its motion for summary judgment. Order affirmed, without costs. In spite of the limitations inherent in the 60-day binder provision of subdivision 3 of section 168 of the Insurance Law, we are of the opinion that respondent should be afforded an opportunity, on trial of this action, to demonstrate that its failure to pay any premium was due to a misunderstanding on the part of all concerned (including the agent which issued the binder) as to whether there was coverage pending the promulgation of a rate schedule. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

■ ISIDORE WEXLER, Appellant, v. SOUTH BROOKLYN SAVINGS BANK et al., Respondents.— In an action for a declaratory judgment with respect to moneys deposited in certain bank accounts, and for other relief, plaintiff appeals from a judgment of the Supreme Court, Kings County, dated October 25, 1968 and made after a nonjury trial. Appeal dismissed, with costs to respondents Hofferman and Block, unless appellant files and serves a proper appendix within 30 days after entry of the order hereon. The appendix submitted on this appeal is patently insufficient for the purpose of passing on the contention raised in appellant's brief. The trial produced over 200 pages of transcript of which the appendix contains three pages of testimony (*Lo Gerfo* v. *Lo Gerfo,* 30 A D 2d 156; *Nelsen* v. *Rampone,* 31 A D 2d 933; see *E. P. Reynolds, Inc.* v. *Nager Elec. Co.,* 17 N Y 2d 51; *Melville* v. *Melville,* 29 A D 2d 679; *Pollack* v. *Pollack,* 25 A D 2d 756; CPLR 5528). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.